IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02483-LTB-KLM

OMAR REZAQ,

    Plaintiff,

v.

MICHAEL NALLEY,
RON WILEY,
MICHAEL MUKASEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' Joint Motion Requesting that Defendants' Motion to Dismiss (Doc. 12) Be Deemed Superseded as Moot [Docket No. 20; Filed February 21, 2008] ("Joint Motion") and Defendants' Motion to Stay Discovery [Docket No. 13; Filed February 1, 2008] ("Motion to Stay"). Plaintiff filed an amended response to the Motion to Stay on February 22, 2008 [Docket No. 24].

    In order to give context to the Court's handling of the Joint Motion, the Court provides the following procedural history. Plaintiff filed his Complaint on November 29, 2007 [Docket No. 1]. On February 1, 2008, Defendants filed their responsive pleading via a Motion to Dismiss [Docket No. 12] and a Motion to Stay pending a determination of their Motion to Dismiss [Docket No. 13]. Thereafter, Plaintiff filed a First Amended Complaint

on February 20, 2008 [Docket No. 20]. Given this history, the parties now move to withdraw Defendants' Motion to Dismiss.

In the Joint Motion, Plaintiff asserts that he was entitled to file an amended complaint "as of right." However, Plaintiff is mistaken that Fed. R. Civ. P. 15(a) provides this authority. Rule 15(a)(1)(A) clearly states that "[a] party may amend its pleading once as a matter of right," but only "*before being served with a responsive pleading*." Because Defendants had already filed a Motion to Dismiss, Rule 15(a)(2) is implicated and requires that either Defendants or the Court must consent to amendment. Plaintiff does not indicate that he received written consent from Defendants to amend his Complaint, and the Court notes that he did not seek consent from the Court. As such, the Court construes the Motion as one seeking leave to amend the Complaint. Because the Court interprets Defendants' conduct in joining the Motion as their consent to Plaintiff's request to amend his Complaint, the Court finds as follows:

IT IS HEREBY **ORDERED** that the Joint Motion [Docket No. 20] is **GRANTED**. Plaintiff is given leave to amend his Complaint, and the Court treats the First Amended Complaint [Docket No. 19] as filed as of the date of this Order.

IT IS FURTHER **ORDERED** that the Motion to Dismiss [Docket No. 12] is deemed **WITHDRAWN**.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's First Amended Complaint on or before **March 26, 2008**.

IT IS HEREBY **ORDERED** that the Motion to Stay [Docket No. 13] is **DENIED without prejudice** to Defendants' right to refile it, if appropriate, after they respond to

Plaintiff's First Amended Complaint.

Dated: February 24, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix