IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02483-LTB-KLM

OMAR REZAQ,

    Plaintiff,

v.

MICHAEL NALLEY,
RON WILEY,
MICHAEL MUKASEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Stay Discovery [Docket No. 38; Filed March 25, 2008] ("Motion to Stay"). Defendants filed a Motion to Dismiss asserting defenses, including immunity and the statute of limitations, which, if granted, would resolve the entire case [Docket No. 37; Filed March 25, 2008]. As such, Defendants request a stay of discovery until the issues presented in the Motion to Dismiss are decided. Plaintiff filed a response in opposition to the Motion to Stay on April 2, 2008 [Docket No. 42], and Defendants filed a reply on April 16, 2008 [Docket No. 44]. The Motion to Stay has now been fully briefed and is ready for resolution.

    IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED** for the reasons set forth below.

    Although a stay of discovery is generally disfavored, the Court has broad discretion

to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Indeed, as Plaintiff noted, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. Here, Defendants filed a Motion to Dismiss which seeks to completely dismiss Plaintiff's claims against them on the grounds of immunity and the statute of limitations, among other defenses. Courts have routinely recognized that discovery may be inappropriate while the issue of immunity or other jurisdictional questions are being resolved. *See, e.g.*, *Siegert*

2

*v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds the potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of

3

a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5.[1]  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

The Court notes that Plaintiff does not ask, in the alternative, to take limited discovery regarding any of the issues raised in the Motion to Dismiss.  While such would be a reasonable request, the Court notes that the Motion to Dismiss has been briefed by Plaintiff without the benefit, or the apparent necessity, of discovery [Docket No. 43; Filed April 15, 2008].  *See, e.g.*, *id.* at 2-5 (noting that a stay can be granted while allowing discovery on a dispositive issue, however discovery on that issue must be shown to be necessary).  In such a situation, limited discovery on the issues in the Motion to Dismiss would not appear to be necessary.

IT IS FURTHER **ORDERED** that discovery is **STAYED**, including the deadlines set forth in the Scheduling Order, until such time as the Motion to Dismiss is resolved.

Dated: April 18, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] Although Plaintiff asserts that judicial efficiency concerns weigh in favor of denying a stay, the Court is not persuaded that this factor tips the balance in favor of proceeding with discovery.  On the contrary, as it relates to the Court, I find that avoiding discovery disputes that may ultimately be pointless is far more efficient than the alleged inefficiency created by extending deadlines set in the Scheduling Order after the stay is lifted.