IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02483-LTB-KLM

OMAR REZAQ,

    Plaintiff,

v.

MICHAEL NALLEY,
RON WILEY,
MICHAEL MUKASEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

**ORDER GRANTING MOTION TO COMPEL**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Joint Motion to Compel Production of Presentence Investigation Report** [Docket No. 78; Filed March 4, 2009] ("Joint Motion"). Plaintiff seeks production of his presentence investigation ("PSI") report. It appears that Defendants concede that the report is relevant to a claim or defense in this litigation, but seek a Court Order to require its production given an internal memorandum issued by the Administrative Office of the United States Courts to the Bureau of Prisons ("BOP") which strictly curtails the disclosure of these reports to very limited circumstances, none of which are directly on point with the present situation ("BOP memo"). Specifically, the BOP memo sets forth the following policy:

> Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence . . . and other limited purposes including deportation proceedings, and federal investigations directly related to terrorist activities. If this

presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

[Docket No. 78-2 at 3].

IT IS HEREBY **ORDERED** that the Joint Motion is **GRANTED as set forth below**. Although the parties do not cite any legal authority, I note that I recently issued an Order involving this issue in Case No. 05-cv-02467-PAB-KLM [Docket No. 183]. Moreover, the issue of disclosure of PSI reports has been litigated by the subjects of the reports and third parties pursuant to Freedom of Information Act ("FOIA") requests. *See, e.g.*, *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988); *United States v. Pugh*, 69 Fed. Appx. 628 (4th Cir. 2003) (unpublished opinion). The Supreme Court has held that a PSI report may be disclosed to its subject pursuant to a FOIA request. *Julian*, 486 U.S. at 13-14. In dicta, it also noted:

> In both civil and criminal cases courts have been very reluctant to give *third parties* access to the presentence investigation report . . . . There is no indication, however, that similar restrictions on discovery of presentence investigation reports have been recognized by the courts when the individual requesting discovery is the subject of the report. . . . From our perspective, however, it appears that the reasoning of the cases denying disclosure to third-party requesters would have little applicability to a request by a defendant to examine his own report.

*Id.* at 12-13. The Supreme Court held that because discovery of a PSI report by the subject of the report in both civil and criminal cases could be said to be "routine," the reports were not exempted from disclosure pursuant to a FOIA request.[1] *Id.* at 14. Given

---

[1] While the Supreme Court recognized that a PSI report was subject to discovery, it exempted from disclosure those portions of the report which related "to confidential sources, diagnostic opinions, and other information that may cause harm to the defendant or to third parties." *Julian*, 486 U.S. at 9.

that Defendants do not appear to contest disclosure and because the PSI report would be subject to disclosure via a FOIA request, the Court finds that Defendants should be compelled to produce it.

IT IS FURTHER **ORDERED** that Defendants shall produce the PSI report to Plaintiff's attorneys on or before **March 13, 2009**. The report shall be produced pursuant to the terms set forth in the Protective Order [Docket No. 77] regarding the discovery of documents marked "CONFIDENTIAL." The Court further orders that portions of the report – namely, those related to confidential sources, diagnostic opinions, or other information that may harm the subject of the report or third parties – shall be redacted prior to discovery. Finally, pursuant to the Protective Order and consistent with the BOP memo, the PSI report must be returned or destroyed upon completion of its use.

Dated: March 5, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix