IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02483-LTB-KLM

OMAR REZAQ,

    Plaintiff,

v.

MICHAEL NALLEY,
RON WILEY,
MICHAEL MUKASEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

    This matter is before the Court on **Plaintiff's Unopposed Motion to Conduct Deposition via Videoconference at the U.S. District Court for the District of Colorado** [Docket No. 87; Filed August 4, 2009] (the "Motion").  Plaintiff, a prisoner who is incarcerated at the federal Administrative Maximum prison in Florence, Colorado, is represented by the Student Law Office at the University of Denver Sturm College of Law.  Due to financial concerns, Plaintiff's counsel have opted to conduct a video deposition of Defendant Federal Bureau of Prison's ("BOP") agent rather than travel to the city where the deponent is located.  Defendant BOP's counsel has consented to this procedure.  To further reduce the financial and logistical burdens of conducting a video deposition, Plaintiff's counsel seek to use the Court's video equipment and courtroom to depose Defendant BOP's agent.

    In order to accommodate Plaintiff's request, Court employees would be required to

set up and remove the necessary equipment, handle any difficulties encountered regarding the operation of the equipment, and clean the room where the deposition occurs.  Further, the Court would provide not only the equipment itself, but also the space for the deposition.  If the Motion were granted, the costs inherent to the provision of space, personnel and equipment would necessarily be borne by the federal taxpayers, who fund all operations of the Court.  More importantly, by permitting the deposition to occur in the courthouse and by supplying the necessary personnel, equipment and technology to proceed, the Court would actually be lending tangible assistance to one party to a federal lawsuit, as the deposition is being taken for the benefit of the Plaintiff.

I am aware that some of my colleagues have permitted the accommodations requested by the Motion in other lawsuits filed in this Court.  Like them, I am grateful for the assistance of the University of Denver's Student Law Office in representing indigent prisoners in litigation such as this.  However, I cannot countenance using Court equipment, Court personnel and taxpayer dollars to assist one party with federal court litigation.  In my view, such assistance creates the appearance of impropriety, even when the opposing party does not object.  Fairness and neutrality are the hallmarks of our judicial system.  The Motion asks me to compromise both, and I respectfully decline to do so.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:        August 12, 2009