IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02483-LTB-KLM

OMAR REZAQ,

    Plaintiff,

v.

MICHAEL NALLEY,
RON WILEY,
MICHAEL MUKASEY, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Reinstate Claim I(a) of Plaintiff's First Amended Complaint Or, In the Alternative, For Leave to File Supplemental Pleading** [Docket No. 121; Filed January 13, 2010] (the "Motion"). Defendants responded [Docket No. 131; Filed January 25, 2010] and Plaintiff replied [Docket No. 138; Filed February 8, 2010]. At a hearing on February 22, 2010, the Court ordered supplemental briefing on whether Plaintiff had exhausted his administrative remedies regarding his 2009 transfer hearing. For the reasons set forth below, the Court **GRANTS** the Motion and will allow Plaintiff to file a supplement to his Amended Complaint.

I. **Factual and Procedural Background**

Plaintiff Omar Rezaq filed a federal lawsuit to address his incarceration at the United States Penitentiary, Administrative Maximum Prison in Florence, Colorado ("ADX"). He is

serving a life sentence for air piracy.  Plaintiff has been confined in the general population unit (or "D Unit") at ADX since January 1997.  *See* Amended Complaint, Docket No. 19, ¶¶ 33, 36.

Plaintiff brought this action alleging a variety of constitutional violations and seeking declaratory and injunctive relief.  *Id.* at 16-17.  He also seeks reasonable attorney fees, expenses, and costs.  *Id.* at 17.  His Amended Complaint asserts four claims for relief.  *Id.* ¶¶ 84-114.  After briefing on Defendants' Motion to Dismiss [Docket No. 37], the Court found that Plaintiff successfully stated a single procedural due process claim.  *See* Recommendation, Docket No. 57; Order, Docket No. 58.  Specifically, the Court found that Plaintiff sufficiently alleged deprivation of a protected liberty interest regarding his ongoing placement in the D unit at ADX and his current conditions of confinement there.  *See id.* Among the claims dismissed was a claim that the Court identified as "Claim I(a)" or Plaintiff's "transfer claim," which is at issue in the instant Motion.

The Court summarized this claim as asserting that Plaintiff was deprived of his Fifth Amendment right to due process when he was transferred to ADX.  *See Recommendation* [#57] at 7.  This Court recommended dismissal of Claim I(a) because Plaintiff was transferred to ADX in 1997 and therefore the claim was time-barred pursuant to the applicable six-year statute of limitations.  *See* 7 U.S.C. § 501; 28 U.S.C. § 2401(a).  The Court declined to accept Plaintiff's theory that the claim remained viable after the expiration of the statute of limitations due to the continuing violation doctrine.

On December 4, 2009, Plaintiff received a hearing addressing his original transfer to ADX in 1997.  In the instant Motion, Plaintiff seeks permission to make a claim challenging the sufficiency of the process provided by that hearing.

## II. Analysis

The parties agree that Plaintiff has exhausted his administrative remedies as to any new due process claim regarding the 2009 transfer hearing. *See* Defendants' Supplemental Brief [Docket No. 142]; Plaintiff's Supplemental Brief [Docket No. 143]. In the Motion, Plaintiff argues that due to Defendants' provision of the 2009 hearing, which Defendants acknowledge addressed the reasons for Plaintiff's initial placement at ADX in 1997, the Court should revise its previous order pursuant to Fed. R.Civ. P. 54(b) and reinstate his transfer claim because it is no longer time-barred. In the alternative, pursuant to Fed. R. Civ. P. 15(d), Plaintiff requests leave to file a supplemental pleading stating a new claim challenging the sufficiency of the process provided at the 2009 transfer hearing.

The Court concludes that revision of its previous Order is not appropriate. The Court may reconsider a previous ruling on a dispositive issue "based on the court's inherent power to review its interlocutory orders." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006). It is not required that the Court consider such a request according to any particular standard. *See,e.g.*, *Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 Fed. App'x 760, 765-66 (10th Cir. 2007) (discussing standard to be applied when considering motion seeking reconsideration of interlocutory court order and determining that district court had "general discretionary authority" to review order and "was not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion"). For guidance, however, the Court may look to the standard used by the Court to review a motion made pursuant to Fed. R. Civ. P. 59(e). *See Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (noting that "courts routinely turn to standards established under Rule 59(e) for instruction

in constructing a review standard when considering a possible revision of an interlocutory order"). It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

None of these factors apply to the instant situation. "As a general rule, 'under federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred.'" *Waltower v. Kaiser*, 17 Fed. App'x 738, 740 (10th Cir. 2001) (quoting *United States v. Hess*, 194 F.3d 1164, 1175 (10th Cir. 1999) (internal citation and quotation marks omitted)). Plaintiff provides no authority for the proposition that a time-barred due process claim challenging a deprivation of liberty is revived by the occurrence of a hearing relating to that deprivation after the expiration of the statute of limitations. The Court continues to conclude that any due process claim challenging the sufficiency of process at the time of Plaintiff's 1997 transfer remains time-barred, and the 2009 transfer hearing is not "new evidence" that changes the Court's previous analysis of the issue.

However, Plaintiff may bring a new claim challenging the adequacy of the process provided by the 2009 transfer hearing. The elements of a procedural due process claim are that Plaintiff possessed a constitutionally protected liberty interest and that he was deprived of it without the appropriate level of process. *See, e.g.*, *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citation omitted). Plaintiff has a new due process claim because he contends that he had a liberty interest in being free from ADX

4

conditions and that the 2009 hearing was insufficient process to safeguard that interest. *See Reply* [#138] at 8. The Court concludes that this new claim accrued with the provision of the 2009 hearing. In their supplemental brief, Defendants apparently concede that Plaintiff has a new due process claim related to the hearing. *See Defendant's Supplemental Brief* [#142] ("As [Plaintiff] correctly suggested, the 2009 ADX hearing is a 'new due process claim' . . . and does not revive a claim that is time-barred." (quoting Plaintiff's *Reply* [#138] at 8)).[1]

In relevant part, Fed. R. Civ. P. 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Pursuant to Rule 15(d), "trial courts [have] broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). Leave to supplement a complaint should be given freely, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir.1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

Exercising its discretion, the Court will allow Plaintiff to supplement his Amended Complaint in order to bring a new due process claim related to the 2009 transfer hearing.

---

[1] For practical purposes, the distinction between a procedural due process claim based upon Plaintiff's transfer to ADX in 1997 and a procedural due process claim based upon Plaintiff's 2009 hearing may be merely academic, as the relief sought and remedies available are likely identical.

5

The 2009 hearing clearly occurred after Plaintiff filed his Amended Complaint on February 20, 2008. The claim is not obviously futile, and Plaintiff made his request to supplement his Amended Complaint very soon after the hearing. In fact, Plaintiff did not exhaust his administrative remedies as to this claim until March 3, 2010. *See Defendants' Supplemental Brief* [Docket No. 142] at 2. Defendants' original argument of prejudice is based upon their reasoning that the claim Plaintiff seeks to bring is time-barred. *See Response* [#131] at 8-9. They raise no argument of prejudice as to a new claim specifically addressing the 2009 hearing.

Finally, the Court concludes that allowing Plaintiff to bring the claim as a part of the instant lawsuit serves the interests of judicial economy and efficiency, as the claim is closely related to the claims already raised by Plaintiff. *See Forest Guardians v. U.S. Bureau of Reclamation*, 462 F.Supp.2d 1177, 1185 n.6 (D. N.M. 2006) (citations omitted) (noting that when considering whether to allow supplemental pleading, "it is proper for the Court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation"); 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1504 (2d ed. 1990 & Supp. 2009) (noting that the "purpose of [Rule 15(d)] is to promote as complete an adjudication of the dispute between the parties as is possible").

Plaintiff also requests leave to engage in additional discovery as to the new claim and to supplement the summary judgment briefing already filed. Defendants contend that no new discovery or supplemental briefing is necessary. The Court will allow the parties to engage in limited discovery related to the 2009 transfer hearing and to supplement their summary judgment briefing. The parties shall be limited to no more than ten interrogatories, ten requests for production of documents, and ten requests for admission

relating to the new claim.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts for filing Plaintiff's Supplemental Pleading [Docket No. 121, attachment #2]. The Clerk is directed to file Docket No. 121, attachment #2 as a separate document entitled "Plaintiff's Supplemental Claim."

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's Supplemental Claim on or before **April 5, 2010**.

IT IS FURTHER **ORDERED** that limited discovery as to the Supplemental Claim shall be completed on or before **April 30, 2010.**

IT IS FURTHER **ORDERED** that any supplemental summary judgment briefing regarding the Supplemental Claim shall be filed on or before **May 17, 2010**.

Dated: March 15, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix